IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOI CHANTEL HARBIN, #1418943, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0669-D |
| | ) | ECF |
| WARDEN C. KEETON, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:   This is a *pro se* habeas corpus action filed by a State inmate.

Parties:    At the time of filing this action Petitioner was incarcerated at the Dawson State Jail in Dallas, Texas.  His whereabout are presently unknown.  *See* Returned mail filed on April 30, 2007.

Respondent is the warden at the Dawson Jail.  The Court did not issue process in this case, pending preliminary screening.

Findings and Conclusions: Because Harbin neither paid the filing fee nor submitted a proper request to proceed *in forma pauperis* on April 24, 2007, the court issued a notice of deficiency order which was mailed to Harbin at the Dawson State Jail.  On April 30, 2007, the envelope containing the order was returned indicating that he had been released from custody.

Since the petition does not collaterally attack a criminal conviction and he apparently is no longer confined, the petition should be dismissed as moot. In the alternative his petition should be dismissed for want of prosecution.

The order directed Petitioner to cure the deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. Because he has failed to provide a present current address he has not timely complied with the order. The Court is not required to delay disposition in this case until such time as Petitioner chooses to provide his current address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Petitioner's failure to provide an address evinces an absence of any intention to prosecute his claims. Therefore, his petition is subject to dismissal without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

It is, therefore, recommended that the petition be denied as moot, and in the alternative, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this recommendation will be mailed to Petitioner at his last known address.

Signed this 22nd day of May, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.